IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| DAVID DARNELL ROWE | § | |
| v. | § | CIVIL ACTION NO. 5:13cv78 |
| BOWIE COUNTY CORRECTIONAL CENTER | § | |

### MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Plaintiff David Rowe, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. The only named Defendant is the Bowie County Correctional Center.

Rowe complained of a slip and fall which he suffered in the Bowie County Correctional Center on September 22, 2011. He was summoned to the infirmary for a blood pressure check, but the last set of stairs were wet and he slipped all the way down to the bottom. Officers called for paramedics and Rowe was taken by ambulance to the local free-world hospital, where he was examined and X-rays taken. Rowe states pain medication was prescribed for him, but he never received it. He received a disciplinary case over the incident, but the case was dropped.

After review of the pleadings, the Magistrate Judge issued a Report on July 31, 2013, recommending dismissal of the lawsuit as frivolous and for failure to state a claim upon which relief may be granted. The Magistrate Judge observed the Bowie County Correctional Center is a non-jural entity and cannot be sued in its own name. The Magistrate Judge also stated Rowe failed to show he was the victim of deliberate indifference to his safety or his medical needs. Nor did Rowe show any harm because of receiving a disciplinary case which was later dropped.

Rowe did not file objections *per se* to the Magistrate Judge's Report. On August 21, 2013, Rowe filed a "supplemental complaint," and August 26, 2013, he filed a "motion for judgment." Both of these pleadings simply repeat the allegations of the original complaint; Rowe states he fell down the stairs and was taken to the hospital, where he was examined and received a prescription for pain medication which was not filled. He refers to the disciplinary case which was dropped and states he wants all of his medical bills paid and $10,000.00 in damages. Even construing the supplemental complaint and the motion for judgment as objections to the Report, neither of these show the Magistrate Judge's findings or conclusions were in error.

The Court has conducted a careful *de novo* review of the pleadings in this case, including the original and amended complaints, the Report of the Magistrate Judge, and the Plaintiff's supplemental complaint and motion for judgment, which have been construed as objections to the Report. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (docket no. 8) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above-styled civil action is hereby **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim upon which relief may be granted. It is further

**ORDERED** that the Clerk shall send a copy of this opinion to the Administrator of the Three Strikes List for the Eastern District of Texas. Finally, it is

**ORDERED** that any and all motions which may be pending in this action are hereby **DENIED.**

**It is SO ORDERED.**

**SIGNED this 22nd day of October, 2013.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE